UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD T. DUNN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11CV872 CDP |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Edward T. Dunn is currently on parole following his release from the Southeast Correctional Center in Charleston, Missouri. Dunn was convicted after a bench trial in the Circuit Court of St. Louis County, Missouri, of felony driving while intoxicated and felony driving while his license was canceled. He was sentenced to five years imprisonment on each charge, to run concurrently with each other but consecutive to sentences that he was serving at the time of his sentencing.

This matter is before the Court on Dunn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dunn raises four grounds for relief. Two of those grounds are procedurally defaulted, and the other two grounds fail on the merits. I will therefore deny his petition for the writ.

I.   **Factual Background**

On September 26, 2005, at approximately 2:45 a.m., Detective John Melugin was in uniform and driving a marked police car. He observed a vehicle, driven by Dunn, traveling seventy-five miles-per-hour in a forty miles-per-hour zone. He activated his lights and siren and attempted to pull the vehicle over. Dunn continued to drive through neighborhoods, traveling between ten and thirty miles-per-hour. He made several turns and was driving erratically, nearly hitting several parked cars. When he finally stopped his car, the detective yelled to Dunn to get out of the vehicle and onto the ground. Dunn stuck his hands out the window but did not do anything else. The detective then pulled Dunn out of his vehicle.

Once Dunn was out of the vehicle and on the ground, he refused to allow the detective to handcuff him, instead tensing up on his hands and knees. The detective forced him to the ground, which caused Dunn to scrape his head on the concrete. The detective picked him up off the ground and helped him to the back of the police car. He observed that Dunn had watery and bloodshot eyes, smelled like alcohol, and his speech was mumbled. He then searched Dunn's car for identification, and he returned to his vehicle to find Dunn asleep and snoring in the backseat.

Detective Melugin did not perform any field sobriety tests on the scene because he believed that it was not safe to do so given Dunn's condition. At the

police station, he read the implied-consent warning to Dunn, who refused to consent to a breath test.  He also asked him on several occasions whether he wanted medical attention for his head injury, which Dunn repeatedly refused.  He attempted field sobriety tests at the station, but abandoned these efforts because Dunn could not stand on his own.

Dunn was charged with driving while intoxicated and driving while his license was canceled.  He waived his right to a jury trial and proceeded to have a bench trial.  Detective Melugin testified to the above events and stated that he believed that Dunn was intoxicated given his experience as an officer.  The court also admitted into evidence a copy of the videotape of the above events, taken by the patrol car's camera.  Dunn testified in his defense.  He stated that he had not been drinking on that day or the day before, that he was on his way to buy paint supplies from the grocery store, and that he may have smelled like paint thinner since he had been using it that evening.  He testified that he didn't pull over because he had a revoked license, so he was trying to make a phone call to a business associate to let her know that he would probably be arrested that night.  Dunn also testified that after Detective Melugin pulled him from the car, the detective slammed his head into the ground.  Dunn said he couldn't remember much after that injury.

The trial court found that the video showed Detective Melugin forcing Dunn to the ground, but that he did not slam him down and that Dunn couldn't have originally been more than about a foot above the ground. The court also noted that some of the defendant's testimony was "bizarre." The court then found the defendant guilty of both counts.

## II.    Procedural Background

After the trial judge found Dunn guilty of felony driving while intoxicated and felony driving while his license was canceled, the trial judge sentenced him to five years imprisonment on each charge, to run concurrently with each other but consecutive to sentences that he was serving at the time of his sentencing. He appealed his conviction to the Missouri Court of Appeals, arguing only that the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence from which the trial court could find beyond a reasonable doubt that he was intoxicated. The Missouri Court of Appeals affirmed the conviction in a per curiam unpublished opinion on March 3, 2009. *State v. Dunn*, 277 S.W.3d 348 (Mo. Ct. App. 2009)(Resp. Exh. E).

On September 10, 2007, Dunn prematurely filed a motion in the trial court for post-conviction relief under Missouri Rule 29.15. In the post-conviction motion, Dunn raised seven main arguments: (1) the trial court lacked jurisdiction to convict and sentence Dunn because his speedy trial rights were violated; (2) the

State failed to prove that he was a persistent offender by showing that he pled guilty to two or more felonies committed at different times; (3) the trial court violated his due process rights by using the same prior conviction to enhance two separate charges; (4) the State failed to prove that he was a chronic offender by showing the he pled or was found guilty of four or more alcohol-related traffic offenses; (5) the State engaged in prosecutorial misconduct and vindictiveness by enhancing his charges for proceeding to trial; (6) the trial court violated ex post facto laws by using prior offenses that should have been excluded under his guilty pleas and statutory law; and (7) he received ineffective assistance of counsel for failing to file a timely appeal.  Many of these arguments contained several subpoints.

The premature motion was stayed until after the appellate court issued its ruling, and an appellate public defender entered on Dunn's behalf.  On June 24, 2009, that counsel filed an amended Rule 29.15 motion.  In that motion, Dunn raised two primary claims: (1) he was entitled to dismissal of the charges because he was not brought to trial within 180 days and did not waive his speedy trial right under the Uniform Mandatory Disposition of Detainers Law (UMDDL); (2) his counsel was ineffective for failing to argue that his due process rights were violated because the chronic DWI offender statute is void for vagueness.

However, the amended motion also "physically attache[d] and incorporate[d] herein" the first six claims in Dunn's pro se motion.

The motion court denied the request for an evidentiary hearing and overruled and denied all of Dunn's claims. Dunn appealed the denial of his motion to the Missouri Court of Appeals, asserting only one argument: that the motion court erred in denying his Rule 29.15 motion because his due process rights were violated when he was not brought to trial within 180 days, even though he did not knowingly or voluntarily waive his speedy trial right. On February 15, 2011, the Missouri Court of Appeals affirmed the denial of Dunn's post-conviction motion in a per curiam unpublished opinion. *Dunn v. State*, 334 S.W.3d 903 (Mo. Ct. App. 2011)(Resp. Exh. J).

### III.  Grounds Raised

Dunn now seeks federal habeas corpus relief, asserting the following grounds:

(1) The trial court erred in denying Dunn's motion for judgment of acquittal and in finding him guilty for driving while intoxicated because there was insufficient evidence to support the charge, which denied him due process of law;

(2) The motion court and appellate court erred in denying his Rule 29.15 motion because he did not waive his rights under the Uniform Mandatory Disposition of Detainers Law but was not tried within 180 days, which denied him due process of law;

(3) The motion court erred in denying his Rule 29.15 motion because the state failed to prove that he committed two or more previous felonies

        so as to enhance his charge to a felony, which denied him due process of law;

(4)    The motion court erred in denying Dunn an evidentiary hearing on all of the claims he presented in his Rule 29.15 motion.

## IV. **Discussion**

Respondent argues that all of Dunn's asserted grounds, except Ground 1, are procedurally defaulted because he failed to raise them at each step of the state court proceedings. Regarding Ground 1, Respondent argues that it fails on the merits. I conclude that Grounds 2 and 3 are procedurally defaulted, but I will consider Grounds 1 and 4 on the merits.

Exhaustion of Remedies and Procedural Bar: Grounds 2 and 3

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Under Missouri law, "allegations of trial court error, reviewable on direct appeal, are not cognizable in a post-conviction motion." *Oden v. State*, 320 S.W.3d 198, 201 (Mo. Ct. App. 2010). Failure to raise a claim in a post-conviction appeal results in abandonment of that claim. *Sweet*, 125 F.3d at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)); *see also Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997) (citing *Lowe-Bey v. Groose*, 28 F.3d 816, 818 (8th Cir. 1994)) ("A claim that is presented to the state court on a motion for post-conviction relief is

procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief.").

A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' . . . is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Sweet*, 125 F.3d at 1151 (citation omitted) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)). "Fairly present" means that state prisoners are required to "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' . . . ." *Id.* at 411-12 (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)). A state law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id.* at 412 (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam)).

The Supreme Court has held that a state prisoner can overcome procedural default if he or she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider

the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  The Court explained that "'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id*. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Furthermore, to establish actual prejudice, a petitioner must demonstrate that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).  In order to assert the fundamental miscarriage of justice exception, "a petitioner must make a showing of actual innocence." *Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

In Ground 2, Dunn claims that the motion court and appellate court erred in finding him guilty because he did not waive his speedy trial rights under the UMDDL.  Under Missouri law, a UMDDL speedy trial claim "is subject to the rule that claims of trial error are not appropriate in post-conviction cases." *Oden*, 320 S.W.3d at 201.  Thus, this claim should properly have been brought on direct appeal, so it was not cognizable in a post-conviction motion.[1]  Because it was not

---

[1] In his post-conviction appeal, the Missouri Court of Appeals agreed that this claim should have been brought on direct appeal.  However, it further noted that even if this claim were cognizable in a post-conviction motion, Dunn would not be entitled to relief because he explicitly waived the 180-day limit by requesting a continuance, which is sufficient for a waiver

brought on direct appeal, Dunn did not follow the state procedural rules for raising the claim. Therefore, his claim is procedurally defaulted, and because he does not allege any cause for the default, it may not be considered for habeas review.

In Ground 3, Dunn asserts that the motion court erred in denying his Rule 29.15 motion because the State did not adequately prove that he was a persistent offender. Though Dunn raised this claim in his Rule 29.15 post-conviction motion, he did not pursue it on his Rule 29.15 appeal, thereby abandoning it. Thus, this claim is procedurally defaulted. Dunn asserts ineffectiveness of counsel as the cause for this default. However, because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* Under *Coleman*, negligence of post-conviction counsel cannot provide cause to overcome a procedural default. Instead, petitioners must "bear the risk of attorney error that results in a procedural

---

of rights under the UMDDL according to Missouri law. Even if this substantive analysis would allow this Court to review the decision, it involved a Missouri appellate court's determination of Missouri state law, which is not cognizable in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

default."[2]  *Id.*  Therefore, because there was no valid cause for the procedural default, I will not consider Ground 3 for habeas review.

Grounds 1 and 4

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In *Shafer v. Bowersox*, the Eighth Circuit articulated the standards for subsection (1) as follows:

---

[2]The Supreme Court recently recognized a narrow "equitable" exception to the *Coleman* rule.  In *Martinez v. Ryan*, the Court held that:  "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez v. Ryan*, No. 10-1001, 2012 WL 912950, at *5 (U.S. Mar. 20, 2012).  *Martinez* did not change the general rule of *Coleman* that negligence of post-conviction counsel cannot excuse most procedural defaults.  Instead, the *Coleman* rule "remains true except as to initial-review collateral proceedings for claims of ineffective assistance of trial counsel."  *Id.* at *10.  *Martinez's* holding "does not concern attorney errors in other kinds of proceedings, *including appeals* from initial-review collateral proceedings."  *Id.* (emphasis added).  Dunn is claiming that his post-conviction *appellate* counsel erred; moreover, the underlying defaulted claim is not a claim that trial counsel was ineffective.  *Martinez* does not save Dunn's Ground 3 from the procedural bar resulting from his failure to raise this ground in the post-conviction appeal.

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (quoting 28 U.S.C. § 2254(d)(2)) (citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

In Ground 1, Dunn claims that the trial court erred in denying his motion for judgment of acquittal and in finding him guilty of driving while intoxicated because there was insufficient evidence. This ground was raised on direct appeal. The due process clause prohibits the conviction of an accused "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In the § 2254 setting, the petitioner "is entitled to habeas corpus relief if it is found that upon the

record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "All conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution." *Nance v. Norris*, 392 F.3d 284, 290 (8th Cir. 2004).

Here, Petitioner was charged with felony driving while intoxicated under Mo. Rev. Stat. § 577.010.1, which provides that a person commits the crime of driving while intoxication "if he operates a motor vehicle while in an intoxicated or drugged condition." Under Missouri law, "a person is in an 'intoxicated condition' when he is under the influence of alcohol, a controlled substance, a drug, or any combination thereof." Mo. Rev. Stat. § 577.001.3.

The Missouri Court of Appeals summarized the relevant case law and evidence presented at trial as follows:

> Intoxication may be proved by the testimony of any witness, including a lay witness, who had a reasonable opportunity to observe the alleged offender. *State v. Vanosdol*, 974 S.W.2d 650, 652 (Mo. Ct. App. 1998). Bloodshot and watery eyes, slurred speech, the smell of alcohol on one's breath, unsteadiness on the feet, lack of body coordination and impaired motor reflexes is evidence that a person is intoxicated. *State v. Scholl*, 114 S.W.3d 304, 307 (Mo. Ct. App. 2003); *State v. England*, 92 S.W.3d 335, 342 (Mo. Ct. App. 2002). In addition, evidence that a person refused to submit to a breath test is admissible to support a finding of guilt in a proceeding pursuant to section 577.010. Mo. Rev. Stat. § 577.041.1 (Supp. 2003); *State v. Knifong*, 53 S.W.3d 188, 194 (Mo. Ct. App. 2001).

> In the present case, defendant was driving erratically and almost struck several parked cars. Defendant's eyes were very watery and bloodshot and he had "an extreme odor of intoxicants." Defendant's speech was mumbled and he had difficulty standing without assistance. Defendant refused to take a breath test. Detective Melugin opined that defendant was highly intoxicated. The State presented sufficient evidence for the trial court to find beyond a reasonable doubt that defendant was intoxicated.

Resp. Ex. E, at 4-5. Petitioner has not shown that the decision of the Missouri Court of Appeals was contrary to federal law or resulted from an unreasonable determination of the facts. The observations of Dunn's actions by the police officer were wholly consistent with the behavior of someone who is intoxicated. Though Dunn testified that his behavior was the result of a head injury, the trial court made a credibility determination and concluded that Dunn's behaviors were more likely the result of intoxication. I cannot conclude that no rational trier of fact could have found proof beyond a reasonable doubt that Dunn operated his vehicle while intoxicated. Therefore, his claim that there was insufficient evidence to support his conviction fails.

In Ground 4, Dunn claims that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. Though this claim was not specifically raised in his post-conviction proceedings, it was technically included since many of his claims began with an assertion that the motion court erred by denying his Rule 29.15 motion without an evidentiary hearing, followed by each specific reason. For that reason, the Missouri Court of Appeals reviewed this

claim on his post-conviction appeal, so Dunn properly exhausted his state court remedies. Whether a hearing should be granted for a Rule 29.15 motion is a matter of state law.[3] Though Dunn attempts to characterize this denial as a due process violation, it is nonetheless nothing more than a state court's interpretation of a state law. *See Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir. 1989) (holding that the petitioner did not allege a valid due process violation for an "alleged violation of a state rule concerning post-conviction proceedings, an area in which a defendant is not necessarily afforded constitutional protections"). This state law claim is not a valid subject for habeas review, and I will not consider it.

V.    **Pending Motions**

Dunn has also filed a motion for the appointment of counsel and a motion for an evidentiary hearing. He is not entitled to appointment of counsel, and an evidentiary hearing is not necessary.

There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit

---

[3]Under Missouri law, "[a] movant may obtain an evidentiary hearing on his or her Rule 29.15 motion only if: (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the record; and, (3) the facts alleged must establish prejudice." *Williams v. State*, 168 S.W.3d 433, 439 (Mo. 2005) (en banc).

from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Upon consideration of the above-listed factors, I find that appointment of counsel is not warranted in this case. The claims and underlying facts of this case are relatively straightforward and do not involve any complex legal issues. Moreover, based on petitioner's presentation of the issues in his petition, he seems quite capable of litigating this action on his own. Therefore, his motion for appointment of counsel will be denied.

Petitioner also requests an evidentiary hearing. Under section 2254(e)(2), a federal district court may not grant an evidentiary hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings . . . [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). An evidentiary hearing is not

necessary when the merits of petitioner's claims may be resolved based on the state court record.  *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992).

The state court record contains sufficient facts to make an informed decision on the merits of petitioner's claims.  Petitioner's claims challenge the sufficiency of the evidence before the trial court and various matters of state law.  Because petitioner's claims do not require further factual development and may be adequately resolved on the record, an evidentiary hearing is not necessary.  For that reason, I will deny the motion.

## VI.   Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  I find that reasonable jurists could not differ on any of Dunn's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Edward T. Dunn for writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that the petitioner's motion for appointment of counsel [#2] is DENIED.

**IT IS FURTHER ORDERED** that the petitioner's motion for an evidentiary hearing [#3] is DENIED.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2012.